# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JACQUES E. SMITH,　　　　　　　　　　　　Case No. 1:10-cv-113
　　Plaintiff　　　　　　　　　　　　　　　　Weber, J.
　　　　　　　　　　　　　　　　　　　　　　Black, M.J.
vs

WARREN COUNTY SHERIFF'S
DEPARTMENT, et al.,　　　　　　　　　　　**ORDER**
　　Defendants

　　　　Plaintiff, a resident of South Lebanon, Ohio, brings this action pro se against the Warren County Sheriff's Department, Craig Crooks, Lt. Mark Hatfield, Lebanon Country Manor, Eric Peters, Jeffery Richards, Michael E. Powell, and Jackie Wolgamon. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

　　　　In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S.

319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff's complaint alleges that in July 2005 and September 2006, defendants Hatfield

and Crooks, while in their employment with the Warren County Sheriff's Department, threatened plaintiff and his family with bodily harm. Plaintiff alleges that such harassment by defendant Crooks continued until February 8, 2007, causing plaintiff mental anguish, embarrassment and hardship.

The complaint also alleges that prior to plaintiff's mother's death on October 28, 2006, defendants Lebanon Country Manor, Jackie Wolgamon, and Jeffery Richards violated plaintiff's constitutional rights when they denied him visits with his mother so he could administer proper doses of insulin to her. Plaintiff alleges that defendants administered the incorrect insulin to his mother which caused her premature death.

Plaintiff further alleges that defendant Warren County Judge Michael E. Powell, on July 14, 2005, ruled that plaintiff was unfit to care for and administer his mother's affairs and appointed defendant Jeffery Richards as guardian of his mother "without a Mandatory Competency Hearing." Plaintiff states that Judge Powell illegally confiscated his mother's will on October 4, 2005, "thereby leaving her estate intestate."

The complaint alleges that defendant Richards, who was also the appointed guardian of plaintiff's father, disposed of real estate not owned by plaintiff's mother and father, but owned by plaintiff.

Finally, the complaint alleges that defendant Peters adjudged plaintiff's mother incompetent contrary to psychiatric testimony on January 26, 2006; waived posting of a mandatory bond by defendant Richards on April 30, 2006; authorized defendant Richards to dispose of real estate owned by plaintiff on May 30, 2006; and authorized the release of "inappropriate" funds from plaintiff's mother's estate between August 2005 to July 2007.

3

As relief, plaintiff seeks the return of his legal residence and property and $10 million.

Plaintiff's complaint must be dismissed for failure to state a claim upon which relief may be granted and because this Court lacks jurisdiction over plaintiff's state law claims.

First, plaintiff's complaint is barred by the two year statute of limitations applicable to civil rights actions. *See Banks v. City of Whitehall*, 344 F.3d 550, 553-54 (6th Cir. 2003); *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). If the allegations in the complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007) (citing Fed. Rule Civ. Proc. 8(c)). *See also Watson v. Wayne County*, 90 Fed. Appx. 814, 815 (6th Cir. 2004) ( "If a statute of limitations defense clearly appears on the face of a pleading, the district court can raise the issue sua sponte."). All of the actions about which plaintiff complains occurred prior to July 2007. The statute of limitations expired, at the latest, in July 2009. Plaintiff's complaint was not filed until February 22, 2010, after the statute of limitations expired. Therefore, plaintiff's claims are barred by the statute of limitations and must be dismissed.

Second, to the extent plaintiff seeks to invoke the diversity jurisdiction of the Court over his state law claims, his complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996), citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967). In other words, for complete diversity to exist the

plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. Plaintiff and all of the defendants are Ohio citizens. Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship over plaintiff's state law claims.

Accordingly, the Court concludes that plaintiff's complaint must be dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B) and for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3). The complaint is hereby **DISMISSED**.

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 3/1/10

Herman J. Weber, Senior Judge
United States District Court